IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DON BARNES,

       Petitioner,

v.       No. CIV-05-210 MV/RHS

DAVID REHBEIN,

       Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion to Dismiss or Alternatively for Summary Judgment (Doc. No. 6, filed May 3, 2005). For the reasons given below, the Court shall **DEFER** ruling on the United States' Motion. The Parties shall have additional time, as described below, to file reply and surreply briefs.

Petitioner's *pro se* Civil Complaint for Relief in the Nature of Mandamus, (Doc. No. 1, filed February 25, 2005), seeks to have the Court order Respondent David Rehbein to produce copies of the documents identified as "Record of the Assessment" for the years 1997, 1999 and 2001, that identify and pertain to the Petitioner, as required pursuant to 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1. Respondent David Rehbein is a Revenue Officer for the Collection Division of the Internal Revenue Service ("IRS"). While it names David Rehbein as Respondent, this action is actually against the United States, even though the United States is not actually named as a party. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States").

The United States argues that this Court does not have subject matter jurisdiction because Petitioner's jursidictional allegation is the Mandamus Act, 28 U.S.C. § 1361, which is a statute of general jurisdiction and not a waiver of sovereign immunity. (Doc. No. 6, filed May 3, 2005, at 3). However, the application of the mandamus remedy to require a public official to perform a duty imposed upon him in his official capacity is not limited by sovereign immunity. *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 12343 (10th Cir. 2005). "[S]uits to compel federal officers to perform some ministerial duty imposed upon them by law, and which they wrongfully neglect or refuse to perform ... would not be deemed suits against the United States within the rule that the Government cannot be sued except by its consent." *Id*. (quoting *Houston v. Ormes*, 252 U.S. 469, 472-73 (1920)). Petitioner seeks to have Respondent perform the ministerial duty imposed by 26 U.S.C. § 6203, which in relevant part states "Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment." Because Petitioner alleges that the IRS failed to carry out a ministerial task, the Court has jurisdiction over his mandamus petition. *See Rios v. Ziglar*, 398 F.2d 1201, 1207 (10th Cir. 2005) (the test for jursidiction is whether mandamus would be an appropriate means of relief, and if the duty is ministerial, clearly defined and peremptory, mandamus is appropriate).

The United States also seeks summary judgment on the basis that Petitioner is not entitled to mandamus. For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available. *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).

The United States argues that Petitioner is not entitled mandamus because the transcripts which Respondent sent to Petitioner satisfy the statutory requirements of 26 U.S.C. § 6203. Because

Respondent did not retain copies of the transcripts he sent to Petitioner, the United States attaches to its Motion copies of Petitioner's transcripts updated as of April 4, 2005.  (*See* Respondent's Decl., ¶ 5, Ex. D).  The United States cites two cases to support its contention that transcripts with similar information have been found sufficient to satisfy the statutory requirements of 26 U.S.C. § 6203.  The first case cited does not mention transcripts.  *See Essex v. Walters*, 72-2 U.S.T.C. ¶ 9579, 1972 WL 3131 (D.Neb).  The second case concluded that a transcript of account satisfied 26 U.S.C. § 6203 where the IRS provided plaintiff with a copy of his transcript and an explanation of how to read it.  *Iacovo v. Commissioner of the Internal Revenue Service*, 1988 WL 135597 (N.D.Ill.).

Petitioner argues that the transcripts provided by Respondent are not valid because they do not include an assessment date for the principal tax, an entry of the type of tax, the character of the liability assessed, or the signature of an assessment officer.  (Doc. No. 7, filed May 17, 2005, at 7-11).  When a taxpayer requests a copy of the record of assessment pursuant to 26 U.S.C. § 6203, "he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed."  26 C.F.R. § 301.6203-1.  Section 6203 entitles taxpayers, if they request, to get a copy of the record of assessment of their tax liability.  According to a General Counsel Memorandum prepared by the Interpretative Division of the IRS, taxpayers, thereby, have a way of determining the pertinent details of the assessment so that taxpayers can check the correctness of their assessed tax liability."  GCM 39392 (August 1, 1985), 1985 WL 291781.

The transcripts that Respondent provided to Petitioner appear to be computer generated summary tables but are not accompanied by an explanation of how to read the transcripts.  *See Iacovo v. Commissioner of the Internal Revenue Service*, 1988 WL 135597 (N.D.Ill.) (transcript satisfied

3

26 U.S.C. § 6203 where the IRS provided plaintiff with a copy of his transcript *and an explanation of how to read it*). The Court, having reviewed the transcripts attached to Respondent's declaration, cannot determine whether the transcripts contain all of the information required by 26 C.F.R. § 301.6203-1. (*See* Doc. No. 6, filed May 3, 2005, Ex. D). For example, there are no entries labeled "date of assessment" or "character of liability assessed." Thus, there appears to be a genuine issue of material fact that would preclude the Court from granting the United States' motion for summary judgment. *See* FED. R. CIV. P. 56(c); *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party).

It may be that the transcripts furnished to Petitioner by Respondent provide the information required by 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1, including the information Petitioner complains was not provided. However, the United States does not indicate whether Respondent provided Petitioner with an explanation of how to read the transcripts, nor did it provide an explanation to the Court. And, the United States did not file a reply addressing Petitioner's arguments that certain required information was not provided to Petitioner. Instead, the United States filed a Notice of Completion of Briefing, (Doc. No. 9, filed June 3, 2005), stating, without explanation, that it did not intend to file a reply but relies on its original motion and summary judgment evidence.

The Court has an affirmative duty to ensure that litigation is resolved not only fairly, but also without undue cost or delay. *See* FED. R. CIV. P. 1. As officers of the court, attorneys share this responsibility. *Id*. Accordingly, the United States shall have fourteen (14) days from entry of this Order to file a reply addressing Petitioner's argument that the date of assessment and character of

4

liability assessed were not included in transcripts provided to Petitioner. The United States' reply need not address Petitioner's argument regarding the absence of the signature of the assessment officer because the relevant tax statute and regulation do not require such signature to be provided upon request of copy of the record of assessment. *See* 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1; *see also Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) (since the government has produced documents which set forth all the information 26 C.F.R. § 301.6203-1 requires, plaintiffs have been given all the documentation to which they are entitled under 26 U.S.C. § 6203). Petitioner will have fourteen (14) from date of service of the United States' reply to file a surreply. **IT IS SO ORDERED.**

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**