## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DON BARNES**,

      Petitioner,

v.                                          No. CIV-05-210 MV/RHS

**DAVID REHBEIN**,

      Respondent.


## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the United States' Motion to Dismiss or Alternatively for Summary Judgment [Doc. No. 6, filed May 3, 2005]. On March 23, 2006, I entered an order giving Respondent fourteen days in which to address Petitioner's argument regarding whether the transcripts of the records of assessments it provided to Petitioner fulfilled its statutory duty to produce copies of the records pursuant to 26 U.S.C. § 6203 ("Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment."). Respondent filed a reply and Petitioner filed a surreply. After carefully considering the parties' briefs, the record, and the relevant law, I conclude that the United States has fulfilled its statutory duty.

Petitioner brought his mandamus petition under 28 U.S.C. § 1361, which provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. He previously had requested copies of the records of assessment used to impose tax deficiencies against him for tax years 1997, 1999 and 2001. In response, Respondent sent him computer-generated transcripts of the records of assessments, but Petitioner contended that

1

the transcripts were not sufficient and filed the petition for mandamus.  After reviewing the record, I concluded  that, without further explanation from the Internal Revenue Service, Petitioner could not be sure of the "date of the assessments" or the "character of [the] liability assessed." *See* 26 C.F.R. § 301.6203-1 (providing, "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.").  In the reply, Respondent explained that the dates of each assessment were contained in the date column at the bottom of the transcript page and that the character of the liability assessed was indicated by reference to Form 1040 at the top of the transcript; *i.e.*, that the principal liability was for federal income taxes.

　　　　In his surreply, Petitioner raises an assortment of arguments that border on the frivolous.  First he opines that "Form 1040 cannot establish the character of the liability because it is only a *proposed* collection of information form."  Petitioner's Surreply at 2 (emphasis added).  He insists that he "is under no obligation to file, prepare, submit, or regard any aspect of a 'proposed' collection of information." *Id.* at 3.  The exhibit Petitioner submitted in support of his claim and the tax code establish the contrary.  Exhibit C states that the tax forms submitted for approval under the Paperwork Reduction Act were simply a "revision of a currently approved collection," and the signature at the bottom of the request established that they were again approved as satisfying the requirements of the Act.  *See* Petitioner's Surreply Ex. C.  IRS regulations provide, in part, that an income tax return must be filed by every United States citizen each taxable year during which he receives $750 or more of gross income, and further provide that Form 1040 is a prescribed form on which to prepare the return.  26 C.F.R. § 1.6012-1(a).

Petitioner next argues that, because in his opinion Form 1040 is only a proposed collection, it is not an authorized substitute for a return for purposes of an assessment.  He insists that the "Secretary is required to prepare a required delinquent return pursuant to 26 U.S.C. § 6020(b)(1)."  But the Tenth Circuit has long noted that § 6020(b)(1) is not mandatory upon the Secretary, *see Smalldridge v. Comm'r*,  804 F.2d 125, 127-28  n.2  (10th Cir. 1986), and the Secretary may prepare income tax examination changes using form 4549, *see United States v. Perez*, 312 F.3d 191, 195 (5th Cir. 2002), as it did in this case, *see* Petitioner's Surreply Ex. J.

Petitioner contends that the documents prepared by the IRS to notice his tax deficiencies were prepared by offices that "exceeded their jurisdiction."   He then attaches several exhibits that he interprets to mean that the Compliance and Collection departments and the Assistant Commissioner (International) only have jurisdiction over individuals living in foreign countries.   Petitioner's interpretation is flawed for several reasons.  First, the Collection Division "[e]xecutes the *full range* of collection activities on delinquent accounts, which *includes* securing delinquent returns involving taxpayers outside the United States and those in United States territories." IRM 1132.72.  This section clearly establishes that the Collection  Division has jurisdiction not only over delinquent accounts of taxpayers residing in the United States, but also over those who live outside the United States.  Further, the Assistant Commissioner (International) has jurisdiction not only over IRS activities in the United States but over those conducted in other countries.  The word "International" includes the United States.

Petitioner claims that the Foreign Operations District was "renamed" the Assistant Commissioner (International), citing IRM 1111.74.  Again, he errs.  In 1986 the Foreign Operations District of Mid-Atlantic region was "abolished," not "renamed," and the international activities

previously directed by other assistant commissioners was embraced within a newly-established "Office of Assistant Commissioner (International)." IRM 1111.74(a). This office now has jurisdiction over all international operations, including those conducted in the United States. Finally, Exhibit F simply shows the jurisdiction only of the Director of Area 15, which has jurisdiction over returns with a foreign address. Clearly, other area directors have jurisdiction over other types of returns, including Petitioner's.

Finally, I reject Petitioner's claim that, because a hard copy of the assessment record with the assessment officer's signature must exist, he is entitled to a copy of it. The relevant regulation provides that the IRS must only provide a copy of specific information in the transcript of the summary record of assessment; it does not require reproduction of the actual document containing the assessor's signature. *See* 26 C.F.R. § 301.6203-1. "This represents a permissible interpretation of section 6203, and [I am] therefore bound to give it deference." *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993); *see James v. United States*, 970 F.2d 750, 755 (10th Cir. 1992) (holding that notices of assessment "satisfy 26 U.S.C. § 6203, the requirement that the IRS provide a copy of the record of the assessment").

> To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. Once the petitioner has established the prerequisites of mandamus relief, the court may exercise its discretion to grant the writ.

*Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citation omitted). Thus, "[t]o secure mandamus relief, the petitioner must show a clear and indisputable right to the writ." *Id.* at 1208 (internal quotation marks omitted). Because Respondent has conclusively established that the IRS has provided

4

to Petitioner all that it is statutorily required to provide, Petitioner cannot show a clear and indisputable right to the writ.  Accordingly, I will grant the motion for summary judgment and deny the petition for mandamus.

**NOW, THEREFORE,**  Respondent's Motion for Summary Judgment [Docket No. 6] is **GRANTED**.  The Petition for Writ of Mandamus is **DISMISSED**.

Dated this 7th day of June, 2006.

**IT IS SO ORDERED.**

_____

**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

Petitioner Don Barnes, Pro Se
P.O. Box 1224
Aztec, NM 87410

*Attorney for Defendant*:
Joseph A. Pitzinger
Tax Division, Department of Justice
717 N. Harwood Ste. 400
Dallas, TX 75201